UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER JAMES CARR,

    Petitioner,

v.

JASON BENNETT,

    Respondent.

CASE NO. 2:24-cv-01499-DGE-GJL

REPORT AND RECOMMENDATION

NOTING DATE: **October 15, 2024**

The District Court has referred this federal habeas action to United States Magistrate Judge Grady J. Leupold. Petitioner Peter James Carr proceeding *pro se*, has filed a Motion to Proceed *In Forma Pauperis* ("IFP") (Dkt. 1), a Proposed habeas Petition (Dkt. 1-1), and other Proposed Motions and Requests (Dkts. 1-2, 1-3, 1-6, 5, 6, 7).

Upon review of his Proposed Petition, it is clear Petitioner is not entitled to habeas relief in this Court as the instant action is second or successive. Accordingly, the undersigned **DECLINES** to order service upon Respondent pursuant to Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), recommends the Proposed Petition (Dkt. 1-1) be **DISMISSED without prejudice** for lack of jurisdiction, and further recommends the IFP Motion (Dkt. 1) and all other proposed filings (Dkts. 1-2, 1-3, 1-6, 5, 6, 7) be **DENIED as moot**.

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Petitioner is currently in custody at Stafford Creek Corrections Center, where he is serving a prison sentence arising out of his state conviction for one count each of child molestation and communicating with a minor for an immoral purpose entered in *State of Washington v. Peter James Carr*, Superior Court of King County Cause No. 11-1-06599-1. As his sole ground for relief, Petitioner argues that he was arrested without a valid warrant in violation of the Fourth Amendment to the United States Constitution. *See* Dkt. 1-1 at 6; Dkt. 1-4.

Petitioner previously filed two separate federal habeas petitions challenging the same underlying state court conviction. *See Carr v. Haynes,* No. 2:17-cv-01326-RAJ (W.D. Wash.) (filed Sep. 1, 2017) (hereinafter "First Petition"); *Carr v. Bennett,* No. 2:24-cv-01377-JLR (W.D. Wash.) (filed Aug. 30, 2024) (hereinafter "Second Petition"). In the First Petition, Petitioner raised one ground for federal habeas relief; after concluding this sole ground for relief was without merit, the Court denied the First Petition with prejudice. *See Carr*, No. 2:17-cv-01326-RAJ, at Dkts. 28, 30, 31 (judgment entered on Jul. 23, 2018). As for the Second Petition, a report and recommendation is currently pending to dismiss that habeas petition as successive and without merit. *Carr*, 2:24-cv-01377-JLR, at Dkt. 4 (report and recommendation issued Sep. 18, 2024).

The day after the Court recommended dismissal of the Second Petition, Petitioner filed the instant action. Dkt. 1. The Court now screens his Proposed Petition to determine whether ordering service upon Respondent is appropriate.

## II. LEGAL STANDARD

Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review of a habeas petition. The Rule specifically directs the Court to dismiss a habeas petition before

REPORT AND RECOMMENDATION - 2

the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state officer who has custody." Further, the petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

Finally, Rule 9 of the Habeas Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

Failure to do so deprives the district court of jurisdiction over a successive petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010).

### III. DISCUSSION

**A.    Petitioner's Only Avenue for Seeking Federal Habeas Relief is 28 U.S.C. § 2254**

Although Petitioner indicates he is filing a § 2241 petition and uses the standard form for such petitions, he is currently confined pursuant to the state court judgment of conviction entered in *State of Washington v. Peter James Carr*, Superior Court of King County Cause No. 11-1-06599-1. Dkt. 1-1 at 1. As such, the Proposed Petition is construed as one filed under 28 U.S.C. § 2254, which is the only available mechanism for Petitioner to challenge his current confinement in federal court. *See Dominguez v. Kernan*, 906 F.3d 1127, 1135–36 (9th Cir. 2018) ("[Section 2254] 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying

REPORT AND RECOMMENDATION - 3

state court conviction.'") (quoting *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004)). Petitioner persists in this § 2241 claim despite this Court having previously and clearly indicating in response to his Second Petition that the § 2254 vehicle is the only available federal remedy. *See Carr*, No. 2:24-cv-01377-JLR, Dkt. 4 at 4–5.

**B.     The Court Lacks Jurisdiction Over Petitioner's Successive Proposed Petition**

With § 2254 the only possible path to relief for Petitioner, he is further constrained by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which implemented a gatekeeper function that requires successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 F. App'x 29, 30 (9th Cir. 2003) (citing *Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)).

"A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990)). Thus, adjudication on the merits occurs when a prior petition is dismissed with prejudice because a procedural default forecloses review by federal courts. *McNabb*, 576 F.3d at 1029. Even where a prior petitioner is dismissed with prejudice, "[a] habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits" in the prior petition. *Id.* at 1029.

Before a petitioner is allowed to file a second or successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); Rule 9 of the Habeas Rules; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). In the absence of such an order authorizing review, a district court

REPORT AND RECOMMENDATION - 4

lacks jurisdiction to consider a second or successive petition. *See Magwood*, 561 U.S. at 331; *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Stated another way, this Court is unable to review habeas claims that could have been brought in a prior petition, unless the petitioner first obtains permission from the Ninth Circuit to file a successive petition.

Accordingly, in determining whether it has jurisdiction over a potentially successive petition, the Court must assess whether: (1) the prior petition was adjudicated on the merits, (2) the habeas claims raised in the new petition were raised in the prior petition and (3) the petitioner obtained permission to file the new petition. *Id.* If the first and second questions are answered in the affirmative, the answer to the final question must also be "yes." Otherwise, the Court lacks jurisdiction, and the successive petition must be dismissed.

Here, the answer to the first question is "yes"—the sole habeas claim raised in the First Petition was rejected on the merits and dismissed with prejudice. *McNabb*, 576 F.3d at 1029. So, the Court proceeds to the second question: could the habeas claim brought in the Proposed Petition have also been raised in the First Petition? The answer to that question is also "yes."

The sole ground for habeas relief raised in the Proposed Petition is that Petitioner was allegedly arrested without a valid warrant in violation of his Fourth Amendment rights. Dkt. 1-1 at 6; Dkt. 1-4. Petitioner contends the absence of a valid arrest warrant invalidates any resulting conviction. *Id.* Assuming Petitioner was arrested without a valid warrant and assuming further that such a claim would give rise to habeas relief, Petitioner simply fails to explain why this claim could not have been raised in his First Petition. There is no allegation or evidence indicating that Petitioner was unaware or could not have reasonably discovered whether he was arrested pursuant to a valid warrant when he filed his First Petition in 2017. *See Griffin v. Kirkpatrick*, No. 108CV00886LJVMJR, 2022 WL 2758003, at *5 (W.D.N.Y. Mar. 25, 2022), *report and recommendation adopted*, No. 08-CV-886-LJV-MJR, 2022 WL 2207178 (W.D.N.Y.

June 21, 2022) (noting Circuit Court denied leave to file successive petition where there was no indication factual predicate of Fourth Amendment claim was unknown or previously undiscoverable); *Younger v. Snyder*, No. 94-CV-687-SLR, 1995 WL 761771, at *5 (D. Del. Dec. 7, 1995) (dismissing Fourth Amendment claim as successive where there was no indication it could not have been brought in prior petition). Thus, the Court finds the sole ground for relief raised in Petitioner's Proposed Petition could have been raised previously.

Therefore, the Court proceeds to the final question: did Petitioner obtain permission before filing the Proposed Petition? The answer is "no," there is no allegation or evidence Petitioner obtained permission from the Circuit Court before filing his Proposed Petition. Moreover, Petitioner's framing of his Proposed Petition under 28 U.S.C. § 2241 does not permit him to circumvent the requirements of 28 U.S.C. § 2244(b)(3) and (4). Accordingly, Petitioner's failure to obtain leave before filing his successive Proposed Petition necessitates dismissal of the instant action for lack of jurisdiction.

## IV.   CERTIFICATE OF APPEALABILITY

Because the Proposed Petition is treated as one seeking post-conviction relief under 28 U.S.C. § 2254, Petitioner may only appeal the dismissal of his federal habeas petition after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § (c). "A certificate of appealability may issue…only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not debate that the Proposed Petition is successive or that it should be dismissed for lack of jurisdiction. As a result, Petitioner is not entitled to a certificate of appealability with respect to his Proposed Petition.

## V.     CONCLUSION

For the reasons outlined above, Petitioner is not entitled to habeas relief as this Court lacks jurisdiction over his Proposed Petition. Thus, in accordance with Rule 4 of the Habeas Rules, the Court declines to serve the Proposed Petition and, instead, recommends this action be **DISMISSED without prejudice**, the IFP Motion (Dkt. 1) and all other proposed filings (Dkts. 1-2, 1-3, 1-6, 5, 6, 7) be **DENIED as moot**, and a certificate of appealability be **DENIED** in this case.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 15, 2024**, as noted in the caption.

Dated this 1st day of October, 2024.

Grady J. Leupold
United States Magistrate Judge