UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER JAMES CARR,<br><br>                Plaintiff,<br>   v.<br><br>JASON BENNETT,<br><br>                Defendant. | CASE NO. 2:24-cv-01499-DGE-GJL<br><br>ORDER ON PENDING MOTIONS (DKT. NOS. 11, 12, 13, 14, 19, 20, 21, 22, 23) |

      This matter comes before the Court on Petitioner's motions for relief from judgment. (Dkt. Nos. 11, 12, 13, 14, 19, 20, 21, 22, 23.) On October 16, 2024, the Court adopted, without objection, the Report and Recommendation (R&R) of Magistrate Judge Grady J. Leupold and dismissed this matter without prejudice. (Dkt. No. 10.)

      Subsequently, Petitioner filed a "Motion for Reconsideration: Recharacterization." (Dkt. No. 11.) Petitioner's motion is unclear. On the one hand, Petitioner asserts the Court improperly recharacterized Petitioner's petition as one filed under 28 U.S.C. § 2254. (*See id*. at 1.) On the other hand, Petitioner asserts the October 16, 2024 order failed "to apply United States Supreme

Court precedent in determination of the Fourth Amendment – unlawful seizure claim in his 28 U.S.C. § 2241" petition. (*Id.* at 2.)

A motion for reconsideration is an "extraordinary remedy . . . to be used sparingly" and the movant bears a "heavy burden." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). Here, Petitioner does not show any "manifest error" in the court's October 16, 2024 ruling, nor does he plead any "new facts or legal authority" sufficient to change the court's analysis. Petitioner also makes no attempt to identify why his petition falls outside of 28 U.S.C. § 2254. Accordingly, Petitioner has not met his "heavy burden" to justify reconsideration of the October 16, 2024 order. *See Kona Enters., Inc.*, 229 F.3d at 890.

Petitioner also filed eight motions for relief from judgment under Rule 60(b)(4). (*See* Dkt. Nos. 12, 13, 14, 19, 20, 21, 22, 23.) The motions appear to be "fill-in-the-blank" style filings. The body of each motion is less than two pages (possibly even less than one page if the case caption is removed). Each motion boldly asserts a "procedural defect in the procurement of the judgment in a civil case." Two of the motions claim the Court failed to apply certain legal precedence when issuing the October16, 2024 order (*see* Dkt. Nos. 12 at 1; 13 at 1) but offer no analysis as to why the decisions Petitioner cites are applicable to the facts of this. The remaining six motions claim the Court failed to conduct a de novo review prior to issuing its October 16, 2024 order (*see* Dkt. Nos. 19 at 1; 20 at 1; 21 at 2; 22 at 2; 23 at 2) but offer no facts to support this claim. And in the end, all continue to claim Petitioner's habeas petition should be governed

by 28 U.S.C. § 2241 and that there was an alleged failure to analyze a Fourth Amendment unlawful seizure claim. (*See* Dkt. Nos. 12 at 2; 13 at 2; 19 at 2; 20 at 2; 21 at 2; 22 at 2; 23 at 2.)

Rule 60(b)(4) "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (internal citations omitted). None of motions meet this standard and are otherwise devoid of merit.

Accordingly, Petitioner's motion for reconsideration (Dkt. No. 11) and motions for relief from judgment (Dkt. Nos. 12, 13,14, 19, 20, 21, 22, 23) are DENIED. As Petitioner has filed several meritless motions in this case, it is further ORDERED that, except for a notice of appeal, any further pleadings the Petitioner files in this case will be docketed by the Clerk of the Court, but no action will be taken on them.

Dated this 2nd day of January 2025.

David G. Estudillo
United States District Judge